IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PABLO DIAZ, # N-90629, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-533-JPG |
| ) | |
| JODI STORY, DEBORAH ISAACS, ) | |
| ROBERT GADDIS, HUTCHINSON, ) | |
| and UNKNOWN PARTY ) | |
| (John Doe and Jane Doe), ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a six-year sentence related to possession of a stolen vehicle. He claims that Defendants were deliberately indifferent to his need for pain relief, by refusing to provide him with medicine that would not cause an allergic reaction.

The documentation submitted with Plaintiff's complaint shows that he was injured in an accident in 2011, prior to his current incarceration (Doc. 1, p. 12). In March 2013, he was transferred to BMRCC from Pinckneyville Correctional Center. His medical records reflected that he has an allergy to Motrin, noted by the intake nurse who screened him upon his arrival at BMRCC (Doc. 1, pp. 7, 10).

In April 2013, Physician's Assistant Gerst (who is not a Defendant) gave Plaintiff some pain medication (Tylenol), but this was not effective to relieve his discomfort (Doc. 1, p. 13). On October 1, 2013, Plaintiff again went to sick call seeking pain medication, and told Gerst that

the Tylenol had not helped him. Gerst responded, "That's life, deal with it." *Id*. It is not clear whether Plaintiff got more Tylenol at that time.

On October 18, 2013, Plaintiff saw Defendant Nurse Story, again seeking treatment for his chronic pain (Doc. 1, pp. 7, 12). She came to his cell house to give him Ibuprofen, but he told her that if he took that medication he would break out in hives and develop a high fever. She told him to either take the Ibuprofen or take nothing at all.

Plaintiff filed a grievance over Defendant Story's refusal to provide him with pain treatment, which was denied by Defendant Hutchinson (Counselor) (Doc. 1, p. 7). He also names Defendants Gaddis (Counselor), Isaacs (Health Care Administrator), and Zachary Bocelman[1] (Warden), claiming generally that each of them was deliberately indifferent to his serious medical needs and caused delay in treating his pain (Doc. 1, pp. 8-9). Finally, he includes John and Jane Doe Defendants in the caption and list of parties (Doc. 1, pp. 1-2), but does not mention them elsewhere in the complaint.

Plaintiff seeks monetary damages (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Story for deliberate indifference to his serious medical need for treatment of his chronic pain **(Count 1)**. However, Plaintiff's allegations against the Defendants who failed to take satisfactory action after Plaintiff invoked

---

[1] Warden Bocelman was inadvertently omitted from the docket sheet as a Defendant, and the Clerk shall be directed to add his name.

the grievance process **(Count 2)** do not state a claim upon which relief may be granted. That claim, as well as the remaining Defendants, shall be dismissed from this action.

**<u>Count 1 – Deliberate Indifference to Serious Medical Needs</u>**

"A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The "existence of chronic and substantial pain" has long been recognized as a serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

While the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," it does require "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). At this stage of the litigation, Plaintiff has stated a claim against Defendant Story, who offered him a choice to either take a medication she knew would cause him to suffer an unpleasant or even harmful allergic reaction, or have no treatment at all for his serious pain. Count 1 shall thus proceed against Defendant Story.

Plaintiff does not allege that any of the other Defendants were directly, personally involved in his medical treatment as health care providers. To the extent that he describes their actions at all, the participation of Defendants Hutchinson and Gaddis appears limited to reviewing Plaintiff's grievance against Defendant Story. Plaintiff includes Health Care Administrator Defendant Isaacs in the action, but never describes what she did or failed to do in

relation to his need for pain treatment. She may have been involved in responding to Plaintiff's grievance, or Plaintiff may have named her because she supervises Defendant Story. Likewise, Defendant Warden Bocelman would be the supervisor of the other Defendants and apparently also denied Plaintiff's grievance (Doc. 1, p. 4). Neither of these factors, however, will sustain a civil rights claim against Defendants Isaacs or Bocelman.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). In other words, the person who denied treatment of a prisoner's serious medical problem may have violated the Constitution, but the official who later reviews that conduct after the fact does not have the requisite personal involvement for liability to attach. *See also Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (medical provider who had no contact with prisoner during his treatment and evaluation was not personally involved in prisoner's medical care, and could not be held liable under § 1983); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Furthermore, the supervisor of an employee who allegedly committed the constitutional violation cannot be held liable merely because of that status. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Plaintiff fails to state a deliberate indifference claim against Defendants Isaacs, Bocelman, Gaddis, or Hutchinson.

**Dismissal of Count 2 – Grievance Handling**

As indicated above, a defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance. Even the alleged mishandling of grievances "by persons who otherwise did not cause

or participate in the underlying conduct" will not state an independent constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").

Plaintiff's brief allegations against Defendants Hutchinson and Gaddis indicate only that each of them denied the grievance Plaintiff filed over Defendant Story's conduct. As such, Plaintiff cannot maintain a civil rights claim against them, and they shall be dismissed from this action with prejudice. Count 2 shall also be dismissed with prejudice.

**Dismissal of Defendants Isaacs, Bocelman, and the John/Jane Doe Defendants**

As noted in the discussion above, Defendant Isaacs cannot be held liable merely as a supervisor over Defendant Story (if in fact she held that authority), nor can Plaintiff proceed against her in this action if she simply responded to a grievance over Defendant Story's conduct. Likewise, Plaintiff cannot maintain an action against Defendant Bocelman based on his supervisory authority alone, or for any role he may have played in the grievance process. But Plaintiff never says what, if anything, Defendant Isaacs actually did or failed to do with respect to his need for pain relief, or what conduct Defendant Bocelman engaged in which might have violated his civil rights.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's general conclusory statement that Defendants Isaacs and Bocelman "violat[ed] Eighth Amendment for deliberate indifference to Plaintiff's serious medical needs and this delay is and was unnecessary and wanton caused inflicting pain" (Doc. 1, p. 9) is not sufficient to state a claim against either of these parties.  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").  Plaintiff does not include any factual allegations to illuminate what these Defendants did that might have violated his constitutional rights.  Accordingly, Defendants Isaacs and Bocelman shall be dismissed from this action without prejudice.

Similarly, Plaintiff lists John Doe and Jane Doe Nurses among the Defendants, but never mentions them again in the complaint.  Had Plaintiff described any unconstitutional conduct on the part of these unknown Defendants, he might have stated a claim that could be developed through discovery of the identity of these John/Jane Does.  However, he has included no allegations whatsoever against these unknown parties.  Therefore, the John/Jane Doe Defendants shall also be dismissed from the action without prejudice.

## Litigation History

Plaintiff prepared his pleading using the Court's pre-printed civil rights complaint form, which asks whether the litigant has "begun any other lawsuits in state or federal court relating to your imprisonment" and directs him to provide information on any prior lawsuits.  Plaintiff answered "No" to this inquiry (Doc. 1, p. 3).  However, when the Court consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify this response,[2] it was discovered that Plaintiff had incurred two "strikes" for having had previous

---

[2] *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

lawsuits dismissed for failure to state a claim upon which relief may be granted, while he was in prison for earlier offenses.[3]

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g),[4] and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

At this juncture, dismissal of Plaintiff's complaint does not appear to be warranted. However, Plaintiff is **WARNED** that if he files any future action in this Court or in another district court, he must include his full litigation history. If he fails to do so, the action shall be subject to immediate dismissal.

**Pending Motions**

The motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on Defendant Story, who remains in the action. No service shall be made on the dismissed Defendants.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

---

[3] These cases were *Diaz v. Bosse*, Case No. 98-cv-3127 (C.D. Ill., dismissed May 21, 1999), and *Diaz v. Hanna*, Case No. 05-cv-4023 (C.D. Ill., dismissed June 2, 2005).

[4] Section 1915(g) provides that a prisoner shall not be granted pauper status if he has had three prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.

**Disposition**

  The Clerk is **DIRECTED** to add **ZACHARY BOCELMAN** (Warden) as a party Defendant.

  **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **ISAACS, BOCELMAN,** and Defendant **UNKNOWN PARTY (JOHN DOE and JANE DOE)** are **DISMISSED** from this action without prejudice.  Defendants **GADDIS** and **HUTCHINSON** are **DISMISSED** from this action with prejudice.

  The Clerk of Court shall prepare for Defendant **STORY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

  Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on

which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2014**

*s/J. Phil Gilbert*
United States District Judge
